# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, JEFF CARMON, STACY EGGERS IV, SIOBHAN O'DUFFY MILLEN, and ROBERT RUCHO, in their official capacities as Members of the North Carolina State Board of Elections; and STATE OF NORTH CAROLINA,<br><br>    Defendants. | Case No. 5:25-cv-00283<br><br>**[PROPOSED] ANSWER** |

## THE NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenor-Defendant the North Carolina Alliance for Retired Americans ("the Alliance") answers Plaintiff's Complaint for Declaratory and Injunctive Relief, *see* ECF No. 1, as follows:

The Complaint begins with an unnumbered paragraph to which no response is required. To the extent a response is required, the Alliance incorporates by reference the below paragraphs as its response, denies the allegations, and denies that Plaintiff is entitled to any relief.

# INTRODUCTION

1. The cited statute speaks for itself. Further, Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

2. The cited document speaks for itself. Further, Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that on March 25, 2025, President Trump signed Executive Order 14248. The Alliance denies the remaining allegations in Paragraph 2.

3. The cited case speaks for itself. Further, Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited case contains the quoted text.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies them.

5. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and therefore denies them.

# BACKGROUND

6. The cited document speaks for itself. Further, Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the

extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 6.

7. The cited document speaks for itself. Further, Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 7.

8. The cited document speaks for itself. Further, Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 8.

9. The cited document speaks for itself. Further, Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 9.

10. The cited document speaks for itself. Further, Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 10.

11. The cited document speaks for itself. Further, Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

13. The cited document speaks for itself. Further, Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 13.

14. The cited document speaks for itself. Further, Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited document contains the quoted text. The Alliance denies the remaining allegations in Paragraph 14.

15. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 and therefore denies them.

16. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and therefore denies them.

17. The Alliance admits that an administrative complaint was filed with the North Carolina State Board of Elections. The remainder of Paragraph 17 contains legal contentions,

characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

19. The Alliance denies that Plaintiff is entitled to any relief and denies that Defendants have violated HAVA. Further, Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and therefore denies them.

## JURISDICTION AND VENUE

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

## PARTIES

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies that Defendants have violated HAVA, and denies that 52 U.S.C. § 21111 authorizes the Attorney General to bring "this suit."

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits

that North Carolina is a State of the United States and is subject to HAVA. The Alliance denies the remaining allegations in Paragraph 23.

24. The cited statutes speak for themselves. Further, Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statutes contain the quoted text. The Alliance also admits that the North Carolina State Board of Elections is a state agency. The Alliance denies the remaining allegations in Paragraph 24.

25. The cited statutes speak for themselves. Further, Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statutes contain the quoted text, that Sam Hayes is the Executive Director of the North Carolina State Board of Elections, and that he is sued in his official capacity. The Alliance denies the remaining allegations in Paragraph 25.

26. The Alliance admits that Francis X. De Luca is Chair of the North Carolina State Board of Elections and that he is sued in his official capacity. The Alliance otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies them.

27. The Alliance admits that Stacy Eggers IV is Secretary of the North Carolina State Board of Elections and that he is sued in his official capacity. The Alliance otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore denies them.

28. The Alliance admits that Jeff Carmon is a Member of the North Carolina State Board of Elections and that he is sued in his official capacity. The Alliance otherwise lacks

sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore denies them.

29. The Alliance admits that Siobhan O'Duffy Millen is a Member of the North Carolina State Board of Elections and that she is sued in her official capacity. The Alliance otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies them.

30. The Alliance admits that Robert Rucho is a Member of the North Carolina State Board of Elections and that he is sued in his official capacity. The Alliance otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 and therefore denies them.

## HAVA'S VOTER REGISTRATION LIST MANDATES

31. The cited statute speaks for itself. Further, Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that Subchapter III of HAVA is entitled "Uniform and Nondiscriminatory Election Technology and Administration Requirements," and that on October 29, 2002, HAVA was signed into law by then-President George W. Bush. The Alliance denies the remaining allegations in Paragraph 31.

32. The cited statute speaks for itself. Further, Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text. The Alliance denies the remaining allegations in Paragraph 32.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits

that Section 303(a)(1)(A) of HAVA reads that "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State . . . ."

    a. Subpart (a) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. § 21083(a)(1)(A)(i) reads that "[t]he computerized list shall serve as the single system for storing and managing the official list of registered voters throughout the State."

    b. Subpart (b) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. §§ 21083(a)(1)(A)(ii) and (iii) read, respectively, that the "computerized list contains the name and registration information of every legally registered voter in the State," and "[u]nder the computerized list, a unique identifier is assigned to each legally registered voter in the State."

    c. Subpart (c) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. § 21083(a)(1)(A)(iv) reads that "[t]he computerized list shall be coordinated with other agency databases within the State."

d. Subpart (d) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. §§ 21083(a)(1)(A)(v) and (vi) read, respectively, that "[a]ny election official in the State, including any local election official, may obtain immediate electronic access to the information contained in the computerized list" and that "[a]ll voter registration information obtained by any local election official in the State shall be electronically entered into the computerized list on an expedited basis at the time the information is provided to the local official."

e. Subpart (e) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. § 21083(a)(1)(A)(vii) reads that "[t]he chief State election official shall provide such support as may be required so that local election officials are able to enter information as described in [52 U.S.C. § 21083(a)(1)(A)(vi)]."

f. Subpart (f) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that 52 U.S.C. § 21083(a)(1)(A)(viii) reads that "[t]he computerized list shall serve as the official voter registration list for the conduct of all elections for Federal office in the State."

g. Subpart (g) of Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

# NORTH CAROLINA'S HAVA LIST MAINTANENCE VIOLATIONS[1]

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that North Carolina is covered by HAVA. The Alliance denies the remaining allegations in Paragraph 34.

35. The cited document speaks for itself. Further, Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore denies them.

36. The cited video speaks for itself. Further, Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language. The Alliance denies the remaining allegations in Paragraph 36.

37. The cited document speaks for itself. Further, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 37 that "[o]n October 6, 2023, before the 2024 Federal elections, Defendant NCSBE received an administrative complaint," and therefore denies it. The remainder of Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the North Carolina State Board of Elections received an administrative complaint alleging a violation of HAVA over North Carolina's voter registration application and denies the remaining allegations in Paragraph 37.

---

[1] The heading "NORTH CAROLINA'S HAVA LIST MAINTANENCE VIOLATIONS" contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies that Defendants have violated HAVA.

38. The cited document speaks for itself. Further, Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

   a. The cited video speaks for itself. Further, subpart (a) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language.

   b. The cited video speaks for itself. Further, subpart (b) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language. The Alliance denies the remaining allegations in subpart (b) of Paragraph 39.

   c. The cited video speaks for itself. Further, subpart (c) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language. The Alliance denies the remaining allegations in subpart (c) of Paragraph 39.

   d. The cited video speaks for itself. Further, subpart (d) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited

video contains the quoted language. The Alliance denies the remaining allegations in subpart (d) of Paragraph 39.

e. The cited video speaks for itself. Further, subpart (e) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language and that General Counsel Cox did not verify the accuracy of the allegation that over 200,000 records were not compliant with HAVA.

f. The cited video speaks for itself. Further, subpart (f) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

g. The cited video speaks for itself. Further, subpart (g) of Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited video contains the quoted language. The Alliance denies the remaining allegations in subpart (g) of Paragraph 39.

40. The cited document and video speak for themselves. To the extent a response is required, the Alliance admits that in the video cited by the Plaintiff, the North Carolina State Board of Elections approved a motion by Siobhan O'Duffy Millen on November 27, 2023, and prepared an order dated December 6, 2023. The Alliance otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies them.

41. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

## CAUSE OF ACTION

43. The Alliance incorporates by reference each of its preceding admissions, denials, and statements as if fully set forth herein.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that under North Carolina law, "[t]he State Board of Elections shall develop and implement a statewide computerized voter registration system to facilitate voter registration and to provide a central database containing voter registration information for each county," and that "[t]he State Board of Elections shall update the statewide computerized voter registration list and database to meet the requirements of section 303(a) of the Help America Vote Act of 2002." N.C. Gen. Stat. Ann. § 163-82.11. The Alliance denies the remaining allegations in Paragraph 44.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

   a. Subpart (a) of Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

b. Subpart (b) of Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

c. Subpart (c) of Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in subpart (c) of Paragraph 45 and therefore denies them.

d. Subpart (d) of Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in subpart (d) of Paragraph 45 and therefore denies them.

e. The Alliance denies that Defendants have violated HAVA. Further, subpart (e) of Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in subpart (e) of Paragraph 45 and therefore denies them.

46. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies them.

47. The Alliance denies that Defendants have violated HAVA. Further, Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore denies them.

## PRAYER FOR RELIEF

The Alliance denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

The Alliance denies every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are equitably barred, including (but not limited to) because of laches.

3. Plaintiff's claims are barred because Plaintiff seeks relief inconsistent with federal and state law.

4. Plaintiff's claims are barred because Plaintiff lacks a right of action to enforce HAVA in this case.

5. The Alliance reserves the right to amend this Answer at a later time.

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, the Alliance prays for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B. That judgment be entered in favor of the Alliance and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That the Alliance be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: June 2, 2025                    Respectfully submitted,

/s/ *Narendra K. Ghosh*
Narendra K. Ghosh
N.C. Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
Telephone: (919) 942-5200
nghosh@pathlaw.com

Lalitha D. Madduri*
Christopher D. Dodge*
Tina Meng Morrison*
James J. Pinchak*
ELIAS LAW GROUP LLP
250 Massachusetts Ave, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
cdodge@elias.law
tmengmorrison@elias.law
jpinchak@elias.law

*Notice of Special Appearance Forthcoming*

*Counsel for Proposed Intervenor the North Carolina Alliance for Retired Americans*