IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, JEFF CARMON, STACY EGGERS IV, SIOBHAN O'DUFFY MILLEN, and ROBERT RUCHO, in their official capacities as Members of the North Carolina State Board of Elections; and STATE OF NORTH CAROLINA,<br><br>    Defendants. | Civil No. 5:25-cv-00283-M-RJ |

**PLAINTIFF UNITED STATES' RESPONSE
IN OPPOSITION TO MOTIONS TO INTERVENE (DOCS. 34, 39)**

Plaintiff United States of America opposes the Motions to Intervene by the Democratic National Committee ("DNC"), Doc. 34, and by Gabriela Adler-Espino, Rani Dasi, Mary Kay Heling, Audrey Meigs, Larry Repanes, Amy Grace Bryant, Ralim Allston, Kemeka Sidbury, the NAACP North Carolina State Conference, and the League of Women Voters of North Carolina ("NC Groups"), Doc. 39.

The briefs in support of these two new motions, Docs. 34 and 40, make arguments that largely duplicate those made by the North Carolina Alliance for Retired Americans in its brief in support of its motion, Doc. 8. In particular, the bulk of briefing by the DNC and the NC Groups restates background on ballot challenges under state law for a state supreme court race that is immaterial to the present litigation alleging violations of election administration requirements for Federal elections under Section 303(a)(5) of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21083(a)(5). *See* DNC's Br. in Supp. of Mot. to Intervene, Doc. 35 at 1-8; NC Groups' Br. in Supp. of Mot. to Intervene, Doc. 40 at 1-14. Contrary to the Complaint and federal law, both new briefs raise similar alarmist assertions that this action will significantly impair the right to vote. Doc. 35 at 2; Doc. 40 at 1. Both likewise engage in speculation that the State Defendants' "desire to cure supposed HAVA violations may motivate [them] to voluntarily consent" to some form of disenfranchising procedure, Doc. 35 at 13, and conjecture about "[t]he contours of any court order or settlement." Doc. 40 at 22.

With one exception, the arguments raised by the DNC and NC Groups cover no new ground from those addressed already by the United States in detail in its opposition to the Motion to Intervene by the North Carolina Alliance for Retired Americans. *See* Pl.'s Opp. to Mot. to Intervene, Doc. 55. In the interest of judicial economy, the United States incorporates its response to the earlier motion as its response to the motions and accompanying briefs filed by proposed intervenor DNC and proposed intervenor Groups and Voters. *See* Local Civil Rule 7.2(a).

The DNC makes an additional argument that it must be allowed to intervene because "[a] judgment in this action would bind the State Board, which would prejudice the DNC's ability to defend its interests" in the two other actions litigating state law issues arising from the state supreme court election. Doc. 35 at 9. The DNC's concern is unfounded. The United States agrees

2

with Defendants' response to that argument: "all of the related cases are assigned to the same district judge, all parties are able to adequately present their interests to that same district judge, and any rulings will be consistent with the related cases…" Defs.' Br. in Opp. to Motions to Intervene, Doc. 56 at 9.

Proposed intervenors DNC and NC Groups have failed to establish sufficient grounds for intervention, as both lack standing under controlling authority, they present a generalized interest in preventing the United States from obtaining relief from Defendants' violations of Section 303(a)(5) of HAVA, and their speculative basis for intervention fails to articulate any concrete grievance or interest that has been or may be violated. Proposed intervenors DNC and NC Groups have failed to meet their burden of demonstrating the standards for intervention as of right, as set forth in Fed. R. Civ. P. 24(a), or for permissive intervention, as set forth in Fed. R. Civ. P. 24(b).

Accordingly, Plaintiff United States of America respectfully requests that the Court deny the Motions to Intervene by the DNC, Doc. 34, and NC Groups, Doc. 39.

Respectfully submitted this 24th day of June, 2025,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant
Attorney General

*/s/ James Thomas Tucker*
MAUREEN RIORDAN
Acting Chief, Voting Section
TIMOTHY F. MELLETT
JAMES THOMAS TUCKER
Attorneys, Voting Section

Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

**CERTIFICATE OF WORD COUNT PURSUANT TO LOCAL RULE 7.2(f)**

I hereby certify on June 24, 2025, that this Memorandum complies with Local Rule 7.2(f), in that the word count function of Microsoft Word shows the brief to contain 599 words, excluding those portions of the brief permitted to be excluded by the rule.

/s/ James Thomas Tucker
James Thomas Tucker
JAMES THOMAS TUCKER
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

Counsel for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 24, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                */s/ James Thomas Tucker*
                James Thomas Tucker
                JAMES THOMAS TUCKER
                Attorney, Voting Section
                Civil Rights Division
                U.S. Department of Justice
                4 Constitution Square
                150 M Street NE, Room 8.923
                Washington, D.C. 20530
                Telephone: (202) 307-2767
                Email: james.t.tucker@usdoj.gov

                Counsel for Plaintiff United States of America