IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil No. 5:25-cv-00283-M-RJ

UNITED STATES OF AMERICA,

  Plaintiff,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, JEFF CARMON, STACY EGGERS IV, SIOBHAN O'DUFFY MILLEN, and ROBERT RUCHO, in their official capacities as Members of the North Carolina State Board of Elections; and STATE OF NORTH CAROLINA,

  Defendants.

## JOINT MOTION FOR ENTRY OF PARTIAL CONSENT JUDGMENT AND ORDER

  Plaintiff the United States of America and Defendants – North Carolina State Board of Elections (the "NCSBE"); Sam Hayes, in his official capacity as Executive Director of the NCSBE; Francis X. De Luca, Jeff Carmon, Stacy Eggers IV, Siobhan O'Duffy Millen, and Robert Rucho, in their official capacities as Members of the NCSBE (collectively "State Board Defendants"); and the State of North Carolina, acting through North Carolina's chief State elections official as defined in 52 U.S.C. § 21083, hereby jointly and respectfully request that this Court enter the proposed Consent Judgment and Order attached hereto as Exhibit A. In support of

1

this motion, the Parties submit the accompanying Memorandum in Support and a proposed order granting the joint motion.

Dated this 3rd day of September, 2025.

Respectfully submitted,

| For the United States of America: | For State Board Defendants and the State, acting through the Chief State Elections Official: |
|---|---|
| HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division | NORTH CAROLINA<br>DEPARTMENT OF JUSTICE |
| MICHAEL E. GATES<br>Deputy Assistant<br>Attorney General | */s/ Terence Steed*<br>TERENCE STEED<br>Special Deputy Attorney General<br>N.C. State Bar No. 52809<br>Email: tsteed@ncdoj.gov |
| */s/ James Thomas Tucker*<br>MAUREEN RIORDAN<br>Acting Chief, Voting Section<br>TIMOTHY F. MELLETT<br>JAMES THOMAS TUCKER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.923<br>Washington, D.C. 20530<br>Telephone: (202) 307-2767<br>E-mail: james.t.tucker@usdoj.gov | */s/ Mary L. Lucasse*<br>MARY L. LUCASSE<br>Special Deputy Attorney General<br>N.C. Bar No.: 39153<br>Email: mlucasse@ncdoj.gov<br><br>*/s/ Ryan C. Grover*<br>RYAN C. GROVER<br>Special Deputy Attorney General<br>N.C. Bar No.: 53703<br>Email: rgrover@ncdoj.gov<br>North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6567<br>Facsimile: (919) 716-6763 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil No. 5:25-cv-00283-M-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, JEFF CARMON, STACY EGGERS IV, SIOBHAN O'DUFFY MILLEN, and ROBERT RUCHO, in their official capacities as Members of the North Carolina State Board of Elections; and STATE OF NORTH CAROLINA,<br><br>    Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR ENTRY OF CONSENT JUDGMENT AND ORDER**

**I.    BACKGROUND**

Plaintiff the United States of America and Defendants – North Carolina State Board of Elections (the "NCSBE"); Sam Hayes, in his official capacity as Executive Director of the NCSBE; Francis X. De Luca, Jeff Carmon, Stacy Eggers IV, Siobhan O'Duffy Millen, and Robert Rucho, in their official capacities as Members of the NCSBE (collectively "State Board Defendants"); and the State of North Carolina, acting through North Carolina's chief State elections official as defined in 52 U.S.C. § 21083, seek the Court's approval and entry of a

1

proposed Consent Judgment and Order ("proposed Order"), attached hereto as Exhibit A. If approved, the proposed Order would resolve litigation brought by the United States pursuant to its authority to enforce the requirements of Section 303(a) of the Help America Vote Act of 2002 ("HAVA"), with respect to the conduct of elections for Federal office in the State of North Carolina. *See* 52 U.S.C. §§ 21083(a), 21111.

State Board Defendants are subject to the requirements of Section 303(a) of HAVA, which requires, among other things, that a voter registration application for an election for Federal office may not be accepted or processed by the State unless it includes a driver's license number from the applicant, or if the applicant does not have a driver's license, the last four digits of the applicant's social security number. If an applicant has not been issued a current and valid driver's license or social security number, the State must assign a special identifying number for voter registration. *See* 52 U.S.C. § 21083(a)(5)(A). State Board Defendants are required to maintain a computerized statewide voter registration list in elections for Federal office that complies with Section 303(a). *See* 52 U.S.C. §§ 21083(a), 21141. Plaintiff and State Board Defendants agree that the proposed Order will resolve allegations in the Complaint that the State Board Defendants have violated Section 303(a) of HAVA.

The proposed Order includes provisions to ensure compliance with the requirements of Section 303(a) of HAVA. The terms of the proposed Order apply to all elections for Federal offices that are administered by the State Board Defendants. The proposed order expires on June 30, 2027, absent an extension.

## II. DISCUSSION

The proposed Order, as a consent judgment, is a negotiated agreement with "'elements of both judgment and contract,' and is subject to 'judicial approval and oversight' generally not

2

Case 5:25-cv-00283-M-RJ    Document 68    Filed 09/03/25    Page 4 of 11

present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (citation omitted). "Because it is entered as an order of the court, the terms of a consent decree must also be examined by the court." *Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002). In performing that function, courts "should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). Where the Federal Government, through the Department of Justice, negotiates a consent decree for a statute with which it is exclusively charged to enforce, 52 U.S.C. § 21111, such as Section 303(a) of HAVA, the presumption in favor of settlement is particularly strong. *See United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990) ("[I]t is the policy of the law to encourage settlements… That policy has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement."). The Court should enter a consent decree if it is fair, adequate, reasonable, and is not illegal, a product of collusion, or against the public interest. *See North Carolina*, 180 F.3d at 581 (citation omitted).

Plaintiff and State Board Defendants agree that the proposed Order satisfies the requirements that must be met in this Circuit. The proposed Order is fair, adequate, and reasonable because it remedies the allegations in the Complaint. *See id.* The proposed Order prohibits the State Board Defendants from using a voter registration form or procedures that do not comply with Section 303(a) of HAVA. *See* 52 U.S.C. § 21083(a)(5)(A). The State Board Defendants are required to update the State's computerized voter list maintenance system used for elections for Federal offices (the "HAVA List"). Pursuant to Section 303(a)(5), State Board Defendants will ensure that voter registrations will have the required administrative number under HAVA. *See* Ex. A at 5-7, ¶ 4. The State Board Defendants will contact voters registered using an application that

3

Case 5:25-cv-00283-M-RJ    Document 68    Filed 09/03/25    Page 5 of 11

did not comply with HAVA or whose record in the HAVA List lacks the required HAVA identification number, to obtain the required information needed to update the record. *See id.* at 7-8, ¶¶ 5-6. Consistent with HAVA's requirement that all voter registration information be timely entered into the HAVA List, the State Board Defendants will make any update to a record in the HAVA List on an expedited basis after receiving the update, as defined in the proposed Order. *See id.* at 6, ¶ 4(d). The State Board Defendants will ensure that county boards of elections and responsible election officers and officials receive appropriate training and instructions on compliance with Section 303 of HAVA. *See id.* at 9, ¶ 9. The State Board Defendants will monitor compliance of the election boards, officers, and officials to ensure that the accuracy of the State's HAVA List is consistent with the requirements of Federal law. *See id.*

On Election Day and during in-person early voting, voters who have responded to the mailing by the State Board Defendants by updating their registration record will vote by regular ballot. Voters who registered using an application that did not comply with HAVA and who have not responded to the mailing by the State Board Defendants, will vote by provisional ballot using a form requesting their driver's license number if the voter has a current and valid driver's license, or the last four digits of their social security number if they do not have a current and valid driver's license. *See id.* at 8, ¶ 6(c). The State Board Defendants will instruct the county boards of elections that for all provisional ballots issued pursuant to paragraph 6(c) only, the vote cast for each Federal office on the provisional ballot will be counted so long as the voter is otherwise eligible to vote under state law. *See id.* at 8, ¶ 6(d). The provisional voting process outlined in Paragraph 6 shall not, by itself, result in any voter being removed from the official list of registered voters in state or Federal elections in North Carolina. *Id.* at 8, ¶ 6(e).

4

Case 5:25-cv-00283-M-RJ    Document 68    Filed 09/03/25    Page 6 of 11

Plaintiff and State Board Defendants negotiated the proposed Order in good faith and at arm's length. *See North Carolina*, 180 F.3d at 581. Generally, when time and other circumstances permit, defendants should be given the first opportunity to propose a remedy for alleged violations of federal voting and election administration laws. *See Wise v. Lipscomb*, 437 U.S. 535, 540 (1978). Here, consistent with that approach, the State Board Defendants were given the initial opportunity to propose and implement a remedy for the HAVA violations alleged by the United States. The proposed Order builds on that through additional requirements and language negotiated by the Plaintiff and State Board Defendants to ensure that the remedy complies fully with Federal law, minimizes any inconvenience to voters, and ensures that each affected voter's ballot will be counted for Federal offices if the voter is otherwise eligible to vote under North Carolina law.

The proposed Order is consistent with the public interest expressed by Congress in enacting Section 303 of HAVA. *See North Carolina*, 180 F.3d at 581. At the outset of this litigation, the records of approximately 100,000 voters lacked a driver's license or the last four digits of the voter's social security number as required by HAVA. As of September 2, 2025, that number is 81,810 and dropping as the State Board continues its efforts to collect this information from affected registrants. *See* State Board website, Registration Repair Search Tool, https://dl.ncsbe.gov/RegistrationRepair/index.html, (last visited Sept. 2, 2025). "The unique identifier" required by Section 303 is "used to assure that list maintenance functions are attributable to the correct voter; so as to avoid removing registrants who happen to have the same name and birth date as a felon, for example." H.R. Rep. 107-329, pt. 1, at 36. Additionally, "the unique identifier" is needed so that the State Board Defendants can "share information with other governmental offices for purposes such as death certificates, court and tax records, etc., to assure proper maintenance of voter records, file integrity, and protection of voter rights." *Id.* These

5

measures help the State Board Defendants maintain an accurate voter list for elections for Federal offices, while protecting voters from being inadvertently removed from the voter registration list because they share the same name or birth date as an ineligible person. Thus, entry of the proposed Order is in the public interest. *See North Carolina*, 180 F.3d at 581.

The Plaintiff and State Board Defendants are aware that several motions to intervene remain pending. *See* Docs. 7, 34, 39. For the reasons explained, those motions should be denied. *See* Docs. 55-57. Nevertheless, to the extent that the Court believes it will facilitate review, the proposed intervenors may be given an opportunity to present their views on the proposed Order by seeking leave to file an amicus brief. *See Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). To avoid any undue delay in the Court's review, the Plaintiff and State Board Defendants suggest that any motion seeking leave to file an amicus brief on the proposed Order be filed no later than September 17, 2025. Therefore, to the extent that the Court believes amici briefing will facilitate the Court's review of the Proposed Consent Judgment, the Plaintiff and State Board Defendants suggest that the Court enter the proposed Consent Judgment and Order after the proposed deadline for any pending intervenors to file their amicus briefs on September 17, 2025. *See* Ex. B.

## III. CONCLUSION

Plaintiff and State Board Defendants therefore respectfully and jointly request that the Court approve the proposed Order in its entirety and enter it as an order of the Court, after duly considering any amicus briefs that are timely filed with the Court.

Respectfully submitted,

| For the United States of America: | For State Board Defendants and the State acting through the Chief State Elections Official: |
|---|---|
| HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division | NORTH CAROLINA<br>DEPARTMENT OF JUSTICE |
| MICHAEL E. GATES<br>Deputy Assistant<br>Attorney General | */s/ Terence Steed*<br>TERENCE STEED<br>Special Deputy Attorney General<br>N.C. State Bar No. 52809<br>Email: tsteed@ncdoj.gov |
| */s/ James Thomas Tucker*<br>MAUREEN RIORDAN<br>Acting Chief, Voting Section<br>TIMOTHY F. MELLETT<br>JAMES THOMAS TUCKER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.923<br>Washington, D.C. 20530<br>Telephone: (202) 307-2767<br>E-mail: james.t.tucker@usdoj.gov | */s/ Mary L. Lucasse*<br>MARY L. LUCASSE<br>Special Deputy Attorney General<br>N.C. Bar No.: 39153<br>Email: mlucasse@ncdoj.gov<br><br>*/s/ Ryan C. Grover*<br>RYAN C. GROVER<br>Special Deputy Attorney General<br>N.C. Bar No.: 53703<br>Email: rgrover@ncdoj.gov<br>North Carolina Department of Justice<br>Post Office Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6567<br>Facsimile: (919) 716-6763 |

## CERTIFICATE OF WORD COUNT PURSUANT TO LOCAL RULE 7.2(f)

I hereby certify on September 3rd, 2025, that this Memorandum complies with Local Rule 7.2(f), in that the word count function of Microsoft Word shows the brief to contain 1,714 words, excluding those portions of the brief permitted to be excluded by the rule.

*/s/ James Thomas Tucker*
James Thomas Tucker
JAMES THOMAS TUCKER
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

Counsel for Plaintiff United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on September 3rd, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *James Thomas Tucker*
James Thomas Tucker
JAMES THOMAS TUCKER
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

Counsel for Plaintiff United States of America