# Exhibit A

# Proposed Consent Judgment and Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil No. 5:25-cv-00283-M-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, JEFF CARMON, STACY EGGERS IV, SIOBHAN O'DUFFY MILLEN, and ROBERT RUCHO, in their official capacities as Members of the North Carolina State Board of Elections; and STATE OF NORTH CAROLINA,<br><br>Defendants. | |

## CONSENT JUDGMENT AND ORDER

Plaintiff United States of America initiated this action on May 27, 2025, against the North Carolina State Board of Elections (the "NCSBE"); Sam Hayes, in his official capacity as Executive Director of the NCSBE; Francis X. De Luca, Jeff Carmon, Stacy Eggers IV, Siobhan O'Duffy Millen, and Robert Rucho, in their official capacities as Members of the NCSBE (the "State Board Defendants"); and the State of North Carolina, acting through the North Carolina's chief State elections official as defined in 52 U.S.C. § 21083, to enforce the requirements of Section 303(a) of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21083(a).

Section 303(a) requires, among other things, that a voter registration application for an election for Federal office may not be accepted or processed by a State unless it includes a driver's

1

license number from the applicant, or if the applicant does not have a driver's license, the last four digits of the applicant's social security number ("SSN4"). If an applicant has not been issued a current and valid driver's license or social security number, the State must assign a special identifying number for voter registration. *See* 52 U.S.C. § 21083(a)(5)(A)(ii). The information for each record must be timely entered into the State's computerized voter registration list after it is received.

Compliance with the computerized statewide voter registration list requirements in Section 303 of HAVA facilitates voter list maintenance procedures to ensure the accuracy of voter records used for Federal elections.

The United States' Complaint alleges, among other things, that Defendants did not comply with the requirements of Section 303(a) of HAVA. Compl. ¶¶ 5, 15-19, Doc. 1. Specifically, the Complaint alleges that Defendants used state voter registration forms and instructions that did not explicitly require a voter to provide a driver's license or the last four digits of a social security number and then the county boards of elections registered a significant number of North Carolina voters who did not provide one of those two identification numbers. *Id.* ¶¶ 35-37, 39(b)-(d), 45(a)-(c). The Complaint further alleges that in some cases in which a driver's license or the last four digits of a social security number were later obtained by the county boards of elections from some voters, that information was not timely added to update voter records in the State's computerized statewide voter registration list. *Id.* ¶¶ 33(d)-(e), 38, 39(d)-(e).

The United States and State Board Defendants, through counsel, have conferred in good faith and agree that this action should be settled without protracted and costly litigation. The United States and State Board Defendants therefore propose to resolve this lawsuit through the terms of this Consent Judgment and Order ("Order"). Accordingly, the United States and State Board Defendants hereby consent to the entry of this Order, as indicated by the signatures of counsel at the end of

this Order. The United States and State Board Defendants waive a hearing and the entry of findings of fact and conclusions of law on all issues specific to State Board Defendants in this matter, and all claims are dismissed without prejudice in consideration for the entry of this Order.

North Carolina law makes the State Board Defendants responsible for carrying out the State's duties under HAVA. Therefore, the remedies in this Order apply only to the State Board Defendants and their agents, employees, contractors, successors, and all other persons representing the interest of State Board Defendants.

As part of their commitment to full compliance with Section 303 of HAVA, State Board Defendants agree to each provision of this Order to resolve the issues in this case. Accordingly, the United States and State Board Defendants stipulate and agree that:

1. This action is brought by the Attorney General on behalf of the United States pursuant to Section 303 of HAVA, 52 U.S.C. § 21083.

2. The Attorney General is authorized to bring a civil action against any state or jurisdiction to enforce the requirements of HAVA, 52 U.S.C. § 21111, and this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. § 21111.

3. State Board Defendants are proper parties in this action.

4. Section 303 of HAVA sets certain minimum standards for a statewide voter registration list used for Federal elections ("HAVA List"). The HAVA List functions as the single system for storing and managing the official list of registered voters throughout the State. 52 U.S.C. § 21083(a)(1)(A)(i). The HAVA List must contain the name and registration information of, and must assign a unique identifier to, each legally registered voter in the State who votes in Federal elections. 52 U.S.C. §§ 21083(a)(1)(A)(ii)-(iii).

5. The HAVA List must be coordinated with other agency databases within the State. 52 U.S.C. § 21083(a)(1)(A)(iv). Any election official in the State, including any local election

official, must be able to obtain immediate electronic access to the information contained in the list, and all voter registration information obtained by any local election official must be electronically entered into the computerized list on an expedited basis at the time the information is provided to the local election official. 52 U.S.C. §§ 21083(a)(1)(A)(v)-(vi). The State must provide the necessary support so that local election officials are able to enter voter registration information on an expedited basis. 52 U.S.C. § 21083(a)(1)(A)(vii).

6. The HAVA List serves as the official voter registration list for the conduct of all elections for Federal offices in the State. 52 U.S.C. § 21083(a)(1)(A)(viii). No application for voter registration to be included in the HAVA List can be accepted or processed unless it includes a driver's license number, for those who have a driver's license number, or SSN4 for those who do not have a driver's license number; except, for those who do not have one of these numbers, the application may be accepted and processed and the State must assign a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

7. State Board Defendants have maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5).

Signatures on the following page:

**STIPULATED AND AGREED TO:**

For the United States of America:

HARMEET K. DHILLON

Assistant Attorney General
Civil Rights Division


MICHAEL E. GATES

Deputy Assistant
Attorney General


/s/ James Thomas Tucker
MAUREEN RIORDAN
Acting Chief, Voting Section
TIMOTHY F. MELLETT
JAMES THOMAS TUCKER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
E-mail: james.t.tucker@usdoj.gov

For State Board Defendants and the State acting through the Chief State Elections Official:

Sam Hayes
Executive Director of the State Board
Chief State Election Official

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
Email: tsteed@ncdoj.gov

/s/Mary L. Lucasse
Mary L. Lucasse
Special Deputy Attorney General
N.C. Bar No.: 39153
Email: mlucasse@ncdoj.gov

/s/Ryan C. Grover
Ryan C. Grover
Special Deputy Attorney General
N.C. Bar No.: 53703
Email: rgrover@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

Space left blank intentionally.

It is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. State Board Defendants are subject to the requirements of Section 303(a) of HAVA. 52 U.S.C. §§ 21083(a), 21141.

2. The terms of this Order apply to all elections for Federal office held in North Carolina.

3. State Board Defendants, their agents, employees, contractors, successors, and all other persons representing the interest of State Board Defendants are required to ensure that North Carolina's voter registration forms and instructions and the State's HAVA List used for elections for Federal office fully complies with Section 303(a)(5) of HAVA, 52 U.S.C. § 21083(a)(5).

4. State Board Defendants are further enjoined from engaging in any act or practice that fails to comply with the requirements of Section 303(a) of HAVA, 52 U.S.C. § 21083(a), including:

   a. For elections for Federal offices, the use of any voter registration forms or instructions that do not comply with the requirements of Section 303(a)(5) of HAVA, including any such materials provided in languages other than English;

   b. For elections for Federal offices, the use of any training materials provided to elections officials that include information or instructions that do not comply with the requirements of Section 303(a)(5) of HAVA, 52 U.S.C. § 21083(a)(5);

   c. For elections for Federal offices, acceptance or processing any application for voter registration to be entered into the State's HAVA List unless it includes a driver's license number, for persons who have an current and valid driver's license number; or the last four digits of the social security number, for persons who do not have a driver's license number and have a social security

number, as required by 52 U.S.C. § 21083(a)(5)(A); or for registration applicants that have neither a driver's license number or a social security number, failing to assign a unique identifier as required by 52 U.S.C. § 21083(a)(5)(A);

    d.    For elections for Federal offices, failing to enter "all voter registration information obtained by any local election official," including any update to the Section 303(a)(5) identification number provided by a registrant into the State's HAVA List "on an expedited basis at the time the information is provided to the local official" as required by 52 U.S.C. §§ 21083(a)(1)(A)(v)-(vi). Consistent with the requirements of the National Voter Registration Act of 1993 ("NVRA") for the timely transmission of voter registration applications to State election officials, 52 U.S.C. §§ 20504(e), 20506(d), the State Board Defendants agree to define "expedited basis" in this Order as "not later than 10 days after the date of acceptance" except that if voter registration information obtained by any local election official "is accepted within 5 days before the last day for registration to vote in an election," then it shall mean "not later than 5 days after the date of acceptance"; and, if voter registration information is submitted to any local election official between the day after the last day that voter registration applications may be accepted prior to an election under state law and the county canvass, then it shall mean no later than 10 days after the county canvass, unless otherwise provided by state law; and

    e.    For elections for Federal offices, when any update to the Section 303(a)(5) identification number is entered into the State's HAVA List by the State or county elections board, that update will include comparing the updated record with existing records to identify and remove any duplicates.

5. State Board Defendants have proposed and are implementing a remedial plan to update records included in the State's HAVA List so that all records comply with the requirements of Section 303(a) of HAVA. That plan, as modified by agreement of the Plaintiff and State Board Defendants, includes the terms in this Order ("Remedial Plan").

6. <u>Voters who registered without supplying the information required by HAVA</u>. State Board Defendants have identified records of voters who appear to have registered to vote after HAVA's effective date without providing a driver's license number, for those who had a driver's license number, or SSN4, for those who did not have a driver's license number and had a social security number, in violation of 52 U.S.C. § 21083(a)(5)(A).

    a. <u>First mailing.</u> On or before August 31, 2025, State Board Defendants will mail a form to voters in this group requesting the voter provide their driver's license number if the voter has a current and valid driver's license, or SSN4 if the voter does not have a current and valid driver's license. If the voter does not have a current and valid driver's license number or a social security number, the voter may indicate that on the form. The mailing will include a self-addressed, postage- prepaid return envelope to return the form to the voter's county board of elections. The mailing will include instructions to the voter regarding how they can update their record securely online through the North Carolina Division of Motor Vehicles registration portal.

    b. <u>Second mailing.</u> On or before December 15, 2025, State Board Defendants will send a follow-up mailing with the same material and information in Paragraph 6(a) to voters who did not respond to the first mailing.

    c. <u>Election Day procedure</u>. Voters identified in Paragraph 6 who have

8

not updated their registration record to include the information required by Section 303(a)(5) of HAVA by the next Federal election will vote by provisional ballot using a form requesting their driver's license number if the voter has a current and valid driver's license, or SSN4 if the voter does not have a current and valid driver's license. If the voter does not have a current and valid driver's license number or a social security number, the voter may indicate that on the provisional ballot.

    d.    <u>Provisional ballot to be counted for Federal elections</u>. State Board Defendants will instruct the county boards of elections that for all provisional ballots issued pursuant to Paragraph 6(c), the vote cast for each Federal office on the provisional ballot will be counted, notwithstanding the presence of or validation of identification information supplied by the voter on the provisional ballot form, so long as the voter is otherwise eligible to vote under state law.

    e.    <u>Provisional voting will not result in removal from voter rolls</u>. The provisional voting process outlined in this Section shall not, by itself, result in any voter being removed from the official list of registered voters in state or Federal elections in North Carolina.

7.    <u>County Boards of Election updates to voter records.</u>

    a.    State Board Defendants will direct county boards of elections that on or before August 31, 2025, each board will review and update records in the HAVA List for active or inactive status voters who provided a current and valid driver's license number or SSN4, but that information was not entered into their record, or who confirmed that they did not have a current and valid driver's license number or a social security number, but that information was not entered into their

9

record.

        b.      State Board Defendants will further direct county boards of elections that on or before August 31, 2025, each board will review and correct records in the HAVA List for voters who registered before HAVA's effective date of January 1, 2004 but whose current records indicate an incorrect registration date.

8.    <u>List-maintenance procedures unaffected by the Remedial Plan.</u> Pursuant to 52 U.S.C. § 21083(a)(2)(A)(i), nothing in the Order or the Remedial Plan alters the requirement that for any "individual… to be removed from the computerized list, such individual shall be removed in accordance with the provisions of the National Voter Registration Act of 1993," 52 U.S.C. §§ 20501 *et seq.*, "including subsections (a)(4), (c)(2), (d), and (e) of section 8" of the NVRA, 52 U.S.C. § 20507.

9.    <u>Training, instructions, and oversight.</u> State Board Defendants will ensure that county boards of elections and all appropriate election officers and officials receive appropriate training and instructions on voter registration procedures that comply with Section 303(a)(5) of HAVA, including use of HAVA-compliant registration forms and instructions and timely entry into the HAVA List of any updates or changes to a voter record within the time provided for in Paragraph 4(d). State Board Defendants will monitor compliance with Section 303(a)(5) requirements, as set forth in Paragraphs 9 and 10, and take any other steps necessary, as provided by law, to ensure the State's HAVA List is maintained consistent with the requirements of Federal law.

10.    <u>Reporting requirements.</u>

        a.      On or before August 31, 2025, State Board Defendants will file with the Court and provide to the United States a copy of all materials mailed to voters pursuant to Paragraph 6(a) of the Order.

b. On or before December 1, 2025, State Board Defendants will file with the Court and provide to the United States a written report indicating the number of voters sent the first mailings identified in Paragraph 6(a) of the Order, the date the mailings went out, and the number of and date of all records subject to the mailings that were updated.

c. On or before February 1, 2026, State Board Defendants will file with the Court and provide to the United States a written report indicating the number of voters sent the second mailings identified in Paragraph 6(b) of the Order, the date the mailings went out, and the number of and date of all records subject to the mailings that were updated.

d. On or before October 15, 2025, State Board Defendants will file with the Court and provide to the United States a written report of the updates to the HAVA List made by the county boards of elections pursuant to Paragraph 7 of the Order.

e. Annual report. Beginning in 2026, on or before April 30th, State Board Defendants will file with the Court and provide to the United States a written report of all steps taken to comply with the Order and with Section 303(a)(5) of HAVA since the previous report that State Board Defendants filed under this Order.

11. State Board Defendants will make available to the United States upon request any non-privileged documents created or maintained by State Board Defendants regarding compliance with this Order or compliance with Section 303(a)(5) of HAVA, including voter records in the State's HAVA List and any relevant documents that the State Board Defendants may be required to produce or retain under North Carolina State law. As used herein, "voter records" means an

11

electronic copy of the State's HAVA list including each registrant's full name, date of birth, residential address, his or her driver's license number or state identification number or the last four digits of the registrant's social security number, which is the information required under HAVA to register individuals for Federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i). All records and data received by the United States from the State Board Defendants will be kept securely and treated consistently with the Privacy Act, 5 U.S.C. § 552a, et seq. To the extent confidential records or data is requested, the State Board Defendants reserve the right to seek a protective order from the Court.

12. Upon entry of this Order, Plaintiff's claims shall be dismissed without prejudice. Plaintiff and Defendants shall bear their own costs and fees for this litigation.

13. This Order is final and binding between the United States and State Board Defendants and their successors in office regarding the claims raised in this action.

14. The Order shall take effect immediately upon being approved by the Court and entered upon the docket ("the effective date").

15. This Order shall remain in effect from its effective date until June 30, 2027, unless a party obtains an extension pursuant to Paragraph 16.

16. This Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Order and to ensure compliance with Section 303(a)(5) of HAVA. For good cause shown, any party may move to extend the Order or to reopen the case.

**DONE AND ORDERED**, this_____day of_____, 2025.

Hon. Richard E. Myers II
Chief United States District Judge