**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**NO. 5:25-CV-00283-M**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA STATE BOARD OF | ) | |
| ELECTIONS; SAM HAYES, in his official | ) | **DEFENDANTS'** |
| capacity as Executive Director of the North | ) | **ANNUAL REPORT** |
| Carolina State Board of Elections; FRANCIS | ) | **[D.E. 72 ¶ 10(e)]** |
| X. DE LUCA, JEFF CARMON, STACY | ) | |
| EGGERS IV, SIOBHAN O'DUFFY | ) | |
| MILLEN, and ROBERT RUCHO, in their | ) | |
| official capacities as Members of the North | ) | |
| Carolina State Board of Elections; and | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants North Carolina State Board of Elections, its Executive Director and its Members (collectively "State Board Defendants" or "Defendants"), and provide the Court with an Annual Report as contemplated by paragraph 10 of the Court's September 8, 2025 Consent Judgment and Order ("Order")]. [D.E. 72, ¶ 10 at (e)] As required by the Court's Order, the State Board Defendants are hereby providing the United States with a written report of all steps taken to comply with the Order and with Section 303(a)(5) of HAVA since the previous report that State Board Defendants filed under this Order on January 30, 2026. [D.E. 88]

1. On July 17, 2025, the State Board launched the Registration Repair Project to collect identification numbers on an ongoing basis for approximately 103,000 voters missing that information on the state's voter rolls by reviewing records already in the possession of county boards of elections and seeking that information from the voters themselves. *See* State Board

Press Release, "State Board Launches Registration Repair Project to Ensure Accurate, Complete Voter Rolls | NCSBE," https://www.ncsbe.gov/news/press-releases/2025/07/17/state-board-launches-registration-repair-project-ensure-accurate-complete-voter-rolls, (July 17, 2025), last visited April 29, 2026. As part of the Registration Repair Project, the State Board instructed the county boards to start checking their records and begin updating registrations no later than August 15, 2025. As explained in the State Board Defendants' earlier reports, the State Board then sent the first mailing identified in Paragraph 6(a) of the Order in August 2025 to 82,741 voters, and the second mailing identified in Paragraph 6(b) of the Order on November 24, 2025, to 74,333 voters.

2.    From January 31, 2026, to April 28, 2026, the county boards of elections have updated 4,093 records subject to the first and second mailings and removed those records from the list of voters who registered to vote after HAVA's effective date and did not provide the required identification information in violation of 52 U.S.C. § 21083(a)(5)(A) (the "Registration Repair List"). Of those records, approximately 3,000 have been updated to include the missing identification information.[1] Furthermore, an additional 886 voters' records were removed from the Registration Repair List due to the voters' own cancellation of their registration or other regular list maintenance processes. None of these voters were removed from the voter registration list (the "HAVA List") due to being in the Registration Repair Project. Finally,

---

[1]    Due to limitations with the Statewide Election Information Management System ("SEIMS"), the State Board cannot distinguish what source the county board used to update the information but can confirm that these records were updated to include this information and on what date. For instance, a voter could have updated their record by submitting a voter registration form or could have updated their record when completing a provisional application when voting in person.

approximately 207 voters' records were mistakenly removed from the Registration Repair List and will be reinstated to that List, as discussed in Paragraph 5 of this Report.

3.      Since the beginning of the Registration Repair Project on July 17, 2025, to April 28, 2026, the total number of voters missing this information has decreased from 103,329 to approximately 66,658. *See* State Board Press Release, "State Board Launches Registration Repair Project to Ensure Accurate, Complete Voter Rolls | NCSBE," https://www.ncsbe.gov/news/press-releases/2025/07/17/state-board-launches-registration-repair-project-ensure-accurate-complete-voter-rolls, (July 17, 2025), last visited April 29, 2026; *see also* State Board webpage, "Registration Repair Search Tool," Registration Repair Search Tool, last visited April 29, 2026; *but see* Paragraph 5 of this Report. These efforts continue.

4      As the State Board Defendants monitored compliance with the requirements in the Order during the recent March 3, 2026, primary election, the State Board Defendants determined that there were a relatively small number of instances when certain requirements of the Order were not followed. The issue, and the State Board Defendants' actions to identify and resolve the issue, are described as follows:

      a.   There were 3 voters in 3 counties who voted a provisional ballot, although they were not required to do so because they provided the identification information before voting in person. Although these voters' identification information was entered into the State's HAVA List in accordance with Paragraph 4(d) of the Order, they remained on the Registration Repair List due to the information being entered into SEIMS using an incorrect form type. With the exception of one voter, the State Board Defendants notified the county boards of the discrepancy and took steps to ensure that the voters'

provisional applications were approved and ballots counted, unless there was another reason to not count the ballot. State Board Defendants are taking steps to change processes in SEIMS to mitigate the likelihood of this occurring again. State Board Defendants will also reissue guidance and direction to the county boards of elections before the November 3, 2026, general election to ensure the correct data entry process is used to enter the identification information into SEIMS.

b.  There were 16 voters in 10 counties whose provisional applications were initially not approved because they did not provide identification information on their provisional application when voting in person. To ensure compliance with Paragraph 6(d) of the Order, State Board Defendants directed the counties in question to revisit their decision on the applications and count those voters' ballots for federal contests, unless there was another reason for denying the provisional application. All voters in this category had their ballots counted in federal contests. State Board Defendants will reissue guidance and direction to the county boards of elections before the November 3, 2026, general election to ensure this requirement of the Order is not mistakenly violated.

5      Finally, State Board Defendants have identified up to 207 voters who (1) were mistakenly removed from the Registration Repair List when the required identification information was not provided, as discussed in Paragraphs 5(a) and 5(b) below; or (2) should now be on the Registration Repair List despite not being on it previously, as discussed in Paragraph 5(c) below. These voters will be added to the Registration Repair List before the November 3,

4

2026, general election, unless a review of their records in the HAVA List shows they have provided the identification information. The issue, and the State Board Defendant's actions to identify and resolve the issue, are described as follows:

a. Some voters were mistakenly removed from the Registration Repair List because of how SEIMS was programmed to remove a voter from the Registration Repair List after the voter voted in an election. In short, if the voter had an approved ballot in the 2025 municipal elections or 2026 primary election, then SEIMS was programmed to automatically remove them from the List. Some counties, however, failed to require a voter to vote a provisional ballot and collect the missing identification information. This defect in process was discovered during the March 3, 2026, primary election and meant that those voters who were mistakenly removed from the Registration Repair List before the primary election were not required to vote a provisional ballot and have their identification information collected when voting. These voters had their ballots counted in the primary election, but they will again be added to the Registration Repair List so that they will be required to provide the identification information prior to or when voting in the November 3, 2026, general election. State Board Defendants are taking steps to change processes in SEIMS to prevent this from occurring in the future and will be notifying these voters once they are added back to the Registration Repair List.

b. Some voters were mistakenly removed from the Registration Repair List because they returned a mailing seeking to confirm their address in

5

accordance with the list maintenance processes in 52 U.S.C. §§ 20507(c) and (d) and N.C.G.S. § 163-82.14(d). Although the confirmation mailings can be used by the voter to update their address information with the county boards, the mailings do not include a designated space to provide the identification information. When a confirmation mailing is received by a county board and processed in SEIMS, the voter's status is updated to a new status that, as a result of the programming in SEIMS, removes them from the Registration Repair List. State Board Defendants have implemented a process to identify when this occurs and take corrective action, and State Board Defendants will be notifying these voters once they are added back to the Registration Repair List.

c. There are also a small number of voters who had their registration reinstated under state law after being in a removed status in SEIMS following the list maintenance process in 52 U.S.C. § 20507(d) and N.C.G.S. § 163-82.14(d). As a result of these voters being in a removed status prior to voting, these voters were not included in the Registration Repair List, which would have flagged them as missing the identification information and required them to vote a provisional ballot to collect that information. Under state law, these voters did not have to re-register, and they only needed to affirm orally or in writing to an election official when voting in person that they had not moved from the county, at which point their registration was reinstated. N.C.G.S. § 163-82.14(d)(3). The voters in this category will be added to the Registration Repair List and notified that they must provide the identification information

6

when voting in the next election after being added to the Registration Repair List, if they do not provide the information beforehand.

6. State Board Defendants note that this was the first Federal election conducted after the entry of the Order, and the State Board Defendants will continue to monitor and ensure compliance with the requirements of the Order. The State Board Defendants remain willing to provide additional information on these issues if requested by the Court.

Respectfully submitted this the 30th day of April, 2026.

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Mary L. Lucasse
Mary L. Lucasse, N.C. Bar No.: 39153
Special Deputy Attorney General
Email: mlucasse@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

*Counsel for State Board Defendants*
